IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **General Cigar Co., Inc.** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 1:22-cv-00773 |
| v. | ) | |
| | ) | |
| **Fuente Cigar Ltd.** | ) | |
| **Fuente Marketing Ltd.**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FUENTE CIGAR LTD.'S MOTION TO
<u>DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

i

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

III. FUENTE CIGAR'S LACK OF CONTACTS WITH VIRGINIA ......................................2

IV. THE COURT LACKS PERSONAL JURISDICTION OVER FUENTE CIGAR..............3

    A. Fuente Cigar does not reside in or have substantial, continuous, and systematic contacts with Virginia to subject it to general jurisdiction of Virginia's courts...................................................................................................4

    B. Fuente Cigar did not subject itself to the specific jurisdiction of Virginia. .............5

        1. Fuente Cigar has not purposefully availed itself of the forum state. ............5

        2. GCC's declaratory judgement action does not arise out of Fuente Cigar's forum contacts.................................................................................7

        3. The exercise of personal jurisdiction would be constitutionally unreasonable. .................................................................................................9

V. CONCLUSION....................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Arthur Treacher's Franchisee Litig.*,
  92 F.R.D. 398 (E.D. Pa. 1981)..................................................................................................3

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
  552 F.3d 1324 (Fed. Cir. 2008)..................................................................................................8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).................................................................................................................7, 9

*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
  334 F.3d 390 (4th Cir. 2003) ....................................................................................................3

*In re Celotex Corp.*,
  124 F.3d 619 (4th Cir. 1997)....................................................................................................6

*Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*,
  259 F.3d 209 (4th Cir. 2001) ....................................................................................................3

*Combs v. Bakker*,
  886 F.2d 673 (4th Cir. 1989) ....................................................................................................3

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
  561 F.3d 273 (4th Cir. 2009) ............................................................................................. passim

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)...............................................................................................................4, 5

*Fidrych v. Marriott Int'l*,
  952 F.3d 124 (4th Cir. 2020) ....................................................................................................4

*Gilman & Bedigian, LLC v. Sackett*,
  No. 19-3471, 2021 WL 4417250 (D. Md. Sept. 27, 2021).......................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)..................................................................................................................4

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..................................................................................................................4

*Lesnick v. Hollingsworth & Vose Co.*,
  35 F.3d 939 (4th Cir. 1994) ......................................................................................................6

*Music Makers Holdings, LLC v. Sarro*,
 No. 09cv1836, 2010 WL 2807805 (D. Md. July 15, 2010) ........................................................ 7

*Shaffer v. Heitner*,
 433 U.S. 186 (1977) .................................................................................................................. 4

*Under Armour, Inc. v. Battle Fashions, Inc.*,
 No. 17-3223, 2019 WL 3239001 (D. Md. July 18, 2019) ........................................................ 8

*Williams v. Microbilt Corp.*,
 No. 3:19cv085, 2019 WL 7988583 (E.D. Va. Sept. 23, 2019) .................................................. 3

I.     INTRODUCTION

The Court should dismiss Plaintiff General Cigar Co., Inc.'s ("GCC") declaratory judgement action against Fuente Cigar Ltd. ("Fuente Cigar") for lack of personal jurisdiction. GCC alleges that the Court has personal jurisdiction over Fuente Cigar because Fuente Cigar conducts business within this District and its products are sold in this District. GCC's allegations are speculative, are not in accordance with the facts, and do not establish a prima facie showing of a sufficient jurisdictional basis to survive this jurisdictional challenge. Fuente Cigar does not own rights in the disputed trademarks, sell any products in Virginia, direct any of its products to Virginia, or conduct any business in Virginia. Further, in declaratory judgement actions, it is a defendant's *enforcement* efforts, not its *business* contacts, that are relevant to the jurisdictional analysis. Here, Fuente Cigar has not engaged in any such enforcement efforts in this District (or elsewhere in Virginia), and GCC has not alleged as such, nor could it, because Fuente Cigar is not the owner of the marks at issue, nor has it been given permission by the owner to enforce the disputed trademarks. Therefore, GCC cannot meet its burden to establish a prima facie showing that Fuente Cigar is subject to personal jurisdiction in this District, and the Complaint should be dismissed against Fuente Cigar with prejudice.

II.    BACKGROUND

Fuente Marketing Ltd. ("Fuente Marketing") is the owner of numerous U.S. federal trademark registrations for or incorporating the mark "X" (collectively, the "X Marks") in association with cigars and cigar related goods in International Class 34. Declaration of Karen Smith ("Smith Decl.") at ¶ 4. Counsel for Fuente Marketing and Fuente Cigar sent GCC a letter on July 5, 2022, requesting that GCC cease use of the "X" trademark with its BX3 cigars that improperly incorporates Fuente Marketing's X Marks and is likely to cause confusion with them. Dkt. 2 at ¶ 36 (Exhibit A). In response to the July 5, 2022, letter, GCC requested additional time

to clear conflicts and acknowledged the time sensitive nature of the matter. *Id.* at ¶¶ 50, 51. On July 8, 2022, counsel for Fuente Marketing and Fuente Cigar responded to GCC's request by reiterating the claims in the July 5, 2022, letter and inviting a phone call on the issues. *Id.* at ¶ 51. GCC instead filed this declaratory judgement action on July 11, 2022, seeking "an order declaring that its use of the mark CAO Bx3 and the CAO Bx3 trade dress do not infringe Fuente's alleged trademark rights." *Id.* at ¶ 62.

In the Complaint, GCC claims that the Court has personal jurisdiction over Fuente Cigar. *Id.* at ¶ 3. GCC includes only two allegations to support its claim. *See id.* First, GCC alleges that "Defendants do business within this judicial district." *Id.* Second, GCC alleges, on information and belief, that "millions of dollars of Defendants' products are sold across the United States, including in this judicial district and elsewhere." *Id.*

### III.  FUENTE CIGAR'S LACK OF CONTACTS WITH VIRGINIA

Fuente Cigar is organized under the laws of the Turks and Caicos Islands with a place of business in Santiago, Dominican Republic. Smith Decl. at ¶ 3. Fuente Cigar manufactures cigars for and at the direction of various third-party companies, including Fuente Marketing and others, that then sell the cigars or have someone on their behalf sell the cigars wherever they choose. *Id.* Fuente Cigar has no rights to use the X Marks for any purpose other than to apply them to cigar bands and boxes associated with the cigars it manufactures for Fuente Marketing. *Id.* at ¶ 5. Fuente Cigar has not in at least over fifteen (15) years enforced the X Marks in Virginia or elsewhere, nor is it permitted to do so. *Id.*

Fuente Cigar has no meaningful contacts with Virginia. Fuente Cigar's only connections to Virginia are that it was named in the July 5, 2022, letter sent to GCC located in Virginia (Dkt. 2 at ¶ 36 (Exhibit A)) and that it manufactures cigars that may be sold by third parties, on their own behalf, in Virginia (Smith Decl. at ¶ 3). Fuente Cigar does not do or solicit business in

Virginia, nor has it directed any business activity to Virginia. *Id.* at ¶ 6. Fuente Cigar does not sell or distribute cigars or any other products in Virginia. *Id.* Fuente Cigar does not market or advertise online or in print in Virginia. *Id.* Fuente Cigar has never owned or possessed real property in Virginia or had any employees located in Virginia. *Id.* at ¶ 7.

## IV. THE COURT LACKS PERSONAL JURISDICTION OVER FUENTE CIGAR

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing "a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In deciding whether a plaintiff has made a prima face showing of personal jurisdiction, a court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* "However, 'a plaintiff cannot rest on [the allegations in her complaint] in the face of specific contradictions contained in [the] defendant's motion and support[ing] affidavits." *Williams v. Microbilt Corp.*, No. 3:19cv085, 2019 WL 7988583, at *4 (E.D. Va. Sept. 23, 2019) (quoting *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 410 n.11 (E.D. Pa. 1981)).

To determine whether a non-resident defendant is subject to personal jurisdiction in the forum state, courts conduct a two-step inquiry. First, "the exercise of jurisdiction must be authorized under the state's long-arm statute," and second "the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)). Virginia courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the Due Process Clause of the Constitution, and thus, the statutory inquiry merges with the constitutional inquiry. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273,

277 (4th Cir. 2009) ("Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry.").

The Court's exercise of personal jurisdiction over Fuente Cigar would violate due process. Due process prevents the Court from exercising personal jurisdiction over a non-Virginia defendant unless the defendant has "certain minimum contacts with" Virginia such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Personal jurisdiction can be general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014). But in either case, "the relationship among the defendant, the forum, and the litigation . . . [is] the central concern of the inquiry into personal jurisdiction." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

### A. Fuente Cigar does not reside in or have substantial, continuous, and systematic contacts with Virginia to subject it to general jurisdiction of Virginia's courts.

Fuente Cigar lacks the necessary contacts with Virginia for the Court to exercise general jurisdiction. "General jurisdiction permits the court to hear any and all claims against the defendant, regardless of where the claims arose or the plaintiff's citizenship." *Fidrych v. Marriott Int'l*, 952 F.3d 124, 131 (4th Cir. 2020). The Supreme Court has emphasized that general jurisdiction exists only when an entity is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Supreme Court has identified two places where that stringent condition is met: the state of the corporation's principal place of business and the state of its incorporation. *See Daimler*, 571 U.S. at 137. While general jurisdiction is not limited to these two places, establishing general jurisdiction outside of those places requires "continuous and systematic" corporate operations within a state that are "so

4

substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 138-39.

GCC does not allege that Fuente Cigar is incorporated or has a principal place of business in Virginia. *See* Dkt. 2 at ¶ 3. Further, GCC does not allege that Fuente Cigar has substantial, continuous, and systematic contacts with Virginia such that it is essentially at home in Virginia, nor do such contacts exist as explained in Section III. Accordingly, GCC has not and cannot satisfy its burden to establish a prima facie showing that Fuente Cigar is subject to the Court's general jurisdiction.

### B. Fuente Cigar did not subject itself to the specific jurisdiction of Virginia.

The Fourth Circuit follows a three-prong test for specific jurisdiction. *See Consulting Eng'rs*, 561 F.3d at 278. Courts consider first, "the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State," second "whether the plaintiffs' claims arise out of those activities directed at the State," and third, "whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* Fuente Cigar lacks any meaningful contacts with Virginia, and GCC cannot meet its burden of establishing a prima facie showing of purposeful availment and relatedness. The exercise of jurisdiction would also be constitutionally unreasonable.

#### 1. Fuente Cigar has not purposefully availed itself of the forum state.

GCC's fails to establish a prima facie showing that Fuente Cigar purposefully availed itself of the forum state. The Fourth Circuit considers several factors to determine whether a non-resident corporation has purposefully availed itself of the privilege of conducting business under the laws of the forum state, including but not limited to, "whether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; [and] whether the defendant deliberately

5

engaged in significant or long-term business activities in the forum state." *Id.* (internal citations omitted). Analyzing these factors, GCC's two personal jurisdiction allegations, considered alone or in combination, fail to establish a prima facie showing that Fuente Cigar purposefully availed itself of the forum state.

First, GCC alleges that Fuente Cigar "do[es] business within this judicial district." Dkt. 2 at ¶ 3. Contrary to GCC's allegation, Fuente Cigar conducts no business in Virginia. Smith Decl. at ¶ 6. Fuente Cigar does not sell or distribute cigars or any other products in Virginia. *Id.* Nor does Fuente Cigar market or advertise online or in print in Virginia. *Id.* Fuente Cigar has never owned or possessed any real property in Virginia, had an office in Virginia, or had employees located in Virginia. *Id.* at ¶ 7

Second, GCC alleges that "millions of dollars of [Fuente Cigar's] products are sold across the United States, including in this judicial district and elsewhere." Dkt. 2 at ¶ 3. This allegation, viewed in a light most favorable to GCC, does not establish a prima facie showing of purposeful availment. The Fourth Circuit requires more than a non-resident defendant's products to be sold in the forum state; it requires the defendant to have purposefully directed such sales towards the forum state. *See, e.g.*, *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-47 (4th Cir. 1994) (refusing to exercise personal jurisdiction over a non-resident manufacturer that sold products outside the forum state to a third-party that then sold the products in the forum state because ruling otherwise "would subject defendants to judgment in locations based on the activity of third persons and not the deliberate conduct of the defendant, making it impossible for defendants to plan and structure their business contacts and risks"); *In re Celotex Corp.*, 124 F.3d 619, 629 (4th Cir. 1997). While Fuente Cigars manufactures cigars for and at the direction of various third-party companies,

6

those third-party companies sell or have someone, on their behalf, sell the cigars wherever they choose. Smith decl. at ¶ 3. Fuente Cigar does not direct any business activity to Virginia. *Id.* at ¶ 6.

Fuente Cigar's only other connection to Virginia is that its Counsel named Fuente Cigar in the July 5, 2022, letter sent to GCC in Virginia. Dkt. 2 at ¶ 36 (Exhibit A). However, circuit courts "have uniformly held that cease-and-desist letters alone do not establish personal jurisdiction." *Music Makers Holdings, LLC v. Sarro*, No. 09cv1836, 2010 WL 2807805, at *5 (D. Md. July 15, 2010) (collecting cases).

Accordingly, GCC has not and cannot meet its burden to establish a prima facie showing that Fuente Cigar purposefully availed itself of the privilege of conducting business under the laws of Virginia.

### 2. GCC's declaratory judgement action does not arise out of Fuente Cigar's forum contacts.

GCC's fails to establish a prima facie showing that its claim arises out of Fuente Cigar's forum contacts. GCC's declaratory judgment action cannot arise out of Fuente Cigar's contacts with Virginia because it has no meaningful contacts with the State, as explained in Sections III and IV.B.1. In addition, GCC's personal jurisdiction allegations are not related to GCC's declaratory judgment action.

The relatedness prong of the specific jurisdiction inquiry "requires that the defendant's contacts with the forum state form the basis of the suit." *Consulting Eng'rs*, 561 F.3d at 278-79 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The Fourth Circuit has not specifically addressed what contacts are related to a declaratory judgment claim. *See Gilman & Bedigian, LLC v. Sackett*, No. 19-3471, 2021 WL 4417250, at *5 (D. Md. Sept. 27, 2021). However, Fourth Circuit district courts and other circuit courts have held that "the nature of [a declaratory judgment] claim is 'to clear the air of infringement charges[,]' so the claim does not

7

arise from marketing or selling infringing products in the forum." *Under Armour, Inc. v. Battle Fashions, Inc.*, No. 17-3223, 2019 WL 3239001, at *6 (D. Md. July 18, 2019) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008)). Instead, a declaratory judgment "claim 'arises out of or relates to the activities of the defendant [trademark owner] in enforcing the [trademark].'" *Id.* (quoting *Avocent*, 552 F.3d at 1332). Thus, "the relevant inquiry is to determine to what extent the defendant has 'purposefully directed [such enforcement activities] at residents of the forum, and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Id.* (quoting *Avocent*, 552 F.3d at 1332-33).

GCC's personal jurisdiction allegations are silent as to any enforcement efforts by Fuente Cigar related to the X Marks. *See* Dkt. 2 at ¶ 3. The only such allegation GCC could assert is that Fuente Cigar was named in the July 5, 2022, letter sent to GCC. *Id.* at ¶ 36 (Exhibit A). However, Fuente Marketing—not Fuente Cigar—owns the X Marks. Smith Decl. at ¶ 4. The statements of rights in the letter relate to and are made on behalf of Fuente Marketing, and GCC could have conducted a simple lookup in the public trademark records and found that Fuente Marketing owns the X Marks and has not assigned the X Marks to Fuente Cigar. Fuente Cigar owns no rights to use the X Marks for any purpose other than to apply the X Marks to cigar bands and boxes associated with the cigars it manufactures for Fuente Marketing. *Id.* at ¶ 5. Fuente Cigar has not in at least fifteen (15) years enforced the X Marks, nor is it permitted to do so. *Id.*

Accordingly, GCC has not and cannot meet its burden to establish a prima facie showing that its declaratory judgement claim arises out of any contacts Fuente Cigar allegedly has with Virginia.

8

### 3. The exercise of personal jurisdiction would be constitutionally unreasonable.

Even if the Court finds that GCC's declaratory judgment claim arises out of Fuente Cigar's alleged forum contacts, and that Fuente Cigar purposefully availed itself of the forum state, the exercise of jurisdiction over Fuente Cigar would not be constitutionally reasonable. Constitutional reasonableness is measured by considering "(1) the burden on the defendant of litigating in this forum; (2) the interest of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Consulting Eng'rs*, 561 F.3d at 279 (citing *Burger King*, 471 U.S. at 477).

Fuente Cigar's lack of connection to the forum and interest in the disputed X Marks indicate that none of the constitutional reasonableness factors weigh in favor of the Court exercising jurisdiction over Fuente Cigar. Because Fuente Cigar does not own or have the right to enforce the X Marks disputed in this case (Smith Decl. at ¶ 5), the burden on Fuente Cigar of litigating any rights in the X Marks would be substantial and GCC's interest in obtaining relief from Fuente Cigar and the forum state's interest in involving Fuente Cigar in this dispute are negligible. Further, Fuente Cigar has no meaningful contacts with the forum state. Fuente Cigar's only connections to this forum and this dispute are that it was named in the letter on July 5, 2022, to GCC located in Virginia (*see* Dkt. 2 at ¶ 36 (Exhibit A)) and that it manufactures cigars, some of which bear the X Marks and may be sold by third parties in Virginia on their own behalf (*see* Smith Decl. at ¶ 3). Fuente Cigar is a Turks and Caicos Islands corporation with no physical presence in Virginia. *Id.* at ¶¶ 3, 7. It does not conduct or solicit business in Virginia. *Id.* at ¶ 6.

Accordingly, the Court's exercise of specific personal jurisdiction over Fuente Cigar would violate due process because GCC has not and cannot establish a prima facie showing for any prong of the Fourth Circuit's three-prong test for specific personal jurisdiction.

## V.   CONCLUSION

For the foregoing reasons, Fuente Cigar respectfully requests that GCC's Complaint against Fuente Cigar be dismissed for lack of personal jurisdiction.

Dated:  October 18, 2022

Respectfully submitted,

/s/ Anna B. Naydonov
Anna B. Naydonov (Bar No. 80101)
**FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
anna.naydonov@finnegan.com

Virginia L. Carron (*pro hac vice* application
   forthcoming)
R. Gordon Wright (*pro hac vice* application
   forthcoming)
**FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, Georgia 30363
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
virginia.carron@finnegan.com
gordon.wright@finnegan.com

*Counsel for Defendant Fuente Cigar Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the counsel of record who have appeared in this case on behalf of the parties.

/s/ Anna B. Naydonov
Anna B. Naydonov (Va. Bar No. 80101)
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
901 New York Avenue NW
Washington, DC 20001-4413
Telephone: 202-408-4448
Fax: 202-408-4400
anna.naydonov@finnegan.com